**Glen Amos RAGLAND, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1974.

Anthony M. Wilhoit, Public Defender, Kathleen McCabe, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant Glen Ragland was convicted of murder (KRS 435.010) and sentenced to life imprisonment. Ragland appeals, and we affirm. Ragland argues that he is an indigent and therefore the court " * * * erred to (his) substantial prejudice in denying his (two) motion for a psychiatric examination * * * " at the Commonwealth's expense.[1]

On March 22, 1974, a hearing on one of the motions was held, after which it was denied. The record reveals that after the hearing and before the trial date the Commonwealth had Ragland examined by two general practitioners. On March 28, 1974, the day of the trial, Ragland renewed his motion and at an *in camera* hearing the two physicians testified as to Ragland's mental state at the time the offense was committed and his capacity to stand trial. Defense counsel, different from counsel on this appeal, did not object to the qualifications of the physicians to testify on matters pertaining to Ragland's mental capacity, or to the testimony on this

1. Ragland pleaded not guilty to the murder charge, but he did not rely on insanity as a defense.

point. At the conclusion of the hearing, Ragland's motion was again denied. The trial court found that based upon the testimony at the March 28, 1974, hearing and the court's observation of Ragland at the March 22, 1974, hearing, Ragland was competent to stand trial.[2]

In United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953), in which Baldi was examined by a psychiatrist on the court's own motion, it was held that a state does not have a constitutional duty " * * * to appoint a psychiatrist to make a pretrial examination." It can be argued that a long series of subsequent rulings concerning the rights of indigent criminal defendants has eroded " * * * the underpinnings of this early reservation, * * * notably, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891 (1956); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1961)." United States v. Taylor, 437 F.2d 371 (4th Cir. 1971), at 383, n. 6. With the facts as presented, we are not willing to say that Ragland was denied the rights guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution or any rights guaranteed by the Kentucky Constitution. The trial court did not err when it refused to supply to Ragland a psychiatrist at the expense of the Commonwealth.

Ragland further argues that his " * * * rights to a fair trial and effective assistance of counsel were * * * denied because no notice was given to defense counsel of the examination by the two physicians." "If the defendant voluntarily submits to an examination, the experts who examined him may testify to the fact, and to their opinion of his mental condition found therefrom, even though defendant's attorney was not notified or his consent obtained." See State v. Whit-

low, 45 N.J. 3, 210 A.2d 763 (1965), and Weihofen, Mental Disorder as a Criminal Defense, p. 295 (1954). There is nothing in the record to indicate that Ragland did not voluntarily submit to the examination, nor that the physicians were not qualified to express an opinion. Defense counsel had the physicians' testimony given at the *in camera* hearing read to the jury.

The judgment is affirmed.

All concur, except REED, J., who concurs in result only.

---

2. The court also considered a report from a surgeon who recommended that Ragland be evalulated by a psychiatrist and psychologist.